UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CENTRAL DISPATCH SOLUTIONS, LLC, | : : : : : : : : : : : : | NO. 3:05cv1041 (MRK) |
| Plaintiff, | | |
| v. | | |
| MERCHANDISERS FOR HIRE, A DIVISION OF SHAMROCK INTERESTS, INC., | | |
| Defendant. | | |

**RULING AND ORDER**

In this suit, Plaintiff Central Dispatch Solutions, LLC, sues Defendant Merchandisers for Hire, a Division of Shamrock Interests, alleging that Defendant violated the terms of a December 17, 2004, agreement ("the Agreement"). The Agreement obligated Defendant to help facilitate the placement of Plaintiff's new line of dumpsters at Home Depot stores. Plaintiff alleges that Defendant mismanaged the job, and that Defendant ultimately chose to stop honoring the Agreement altogether. Defendant has moved to dismiss under Rule 12(b)(2) of the *Federal Rules of Civil Procedure*, arguing that the Court lacks personal jurisdiction because Defendant has insufficient ties to Connecticut. For the reasons that follow, Defendant's Motion to Dismiss [doc. #23] is DENIED.

**I**

When personal jurisdiction is challenged, a plaintiff bears the burden of proving that jurisdiction exists. *See Haynes Constr. Co. v. Int'l Fid. Ins. Co.*, No. 03CV1669, 2004 WL 1498119, at *2 (D. Conn. June 23, 2004). If, as in the present case, the defendant challenges personal jurisdiction before discovery has been conducted, the "plaintiff may defeat a motion to dismiss by

making a *prima facie* showing through affidavits and other evidence that the defendant's conduct was sufficient to warrant the exercise of personal jurisdiction." *Chase v. Cohen*, No. 04CV588, 2004 WL 3087557, at *2 (D. Conn. Dec. 29, 2004). At this stage, the Court construes affidavits and pleadings – and resolves any doubts – in Plaintiff's favor. *See Amerbelle Corp. v. Hommell*, 272 F. Supp. 2d 189, 192-93 (D. Conn. 2003)

## II

To determine whether personal jurisdiction exists, the Court must conduct a two-part inquiry: first, whether jurisdiction exists under Connecticut law; second, whether exercise of personal jurisdiction over Defendant comports with due process principles. *See Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005).

**A.      Connecticut Law**

Connecticut's long-arm jurisdictional statute provides:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state . . . .

Conn. Gen. Stat. § 33-929(f). Plaintiff argues that the Agreement was made in Connecticut and, in the alternative, that the Agreement was also to be performed in Connecticut. Defendant disagrees with both contentions.

In Connecticut, "a contract is deemed to have been made where the last act is done which is necessary to create an effective agreement between the parties." *United Technologies Corp. v. American Home Assurance Co.*, 989 F. Supp. 128, 134 (D. Conn. 1997). In the present case, the last

act necessary to effectuate the Agreement was Plaintiff's signing of the Agreement, which took place in New Haven, Connecticut. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss [doc. #36] Ex. 1, at ¶ 6 [hereinafter Plaintiff's Memorandum]. Several decisions have held that a plaintiff's signing of a contract in Connecticut is sufficient to confer jurisdiction under § 33-929(f). *See, e.g.*, *H. Lewis Packaging, LLC v. Spectrum Plastics, Inc.*, 296 F. Supp. 2d 234, 239 (D. Conn. 2003) (finding a prima facie showing of jurisdiction under § 33-929(f) where plaintiff's agent "verbally accepted [defendant's] offer from plaintiff's Connecticut office"); *accord ProBatter Sports, LLC v. Southampton Sports Zone, Inc.*, No. 3:02CV1776, 2003 U.S. Dist. LEXIS 18407, at *4-*5 (D. Conn. Mar. 31, 2003); *see also Veritas-Scalable Investment Products Fund, LLC v. FB Foods, Inc.*, No. 3:04CV01199, 2005 WL 1925993, at *4 n.6 (D. Conn. Aug. 11, 2005) (suggesting that a contract last signed in Connecticut would satisfy § 33-929(f)(1) but finding jurisdiction on other grounds).

To rebut Plaintiff's argument, Defendant cites two decisions, but neither applies in the circumstances of this case. In *Mitchell v. Patterson*, No. 4001501, 2005 WL 1671528 (Conn. Super. Ct. June 21, 2005), the court held that where a contract is last signed deserves little weight under a different long-arm statute, § 52-59(b), which applies where a defendant has "transacted business in Connecticut." *Id.* at *6. And in *Libra Global Technology Services (UK) Ltd. v. Telemedia Int'l, Ltd.*, 719 N.Y.S.2d 53 (N.Y. App. Div. 2001), the court held that N.Y. C.P.L.R. 302(a)(1), which applies to a defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state," is not satisfied merely because the plaintiff signed the contract in New York. *Id.* at 53. These cases are easily distinguishable, as each involves a long-arm statute that focuses on where the defendant transacted business, not on whether the contract was "made" in the state.

3

Therefore, the Court concludes that Plaintiff has satisfied the requirements of § 33-929(f), and that Connecticut's long-arm statute confers personal jurisdiction over Defendant. As a consequence, the Court need not consider Plaintiff's alternative argument that the Agreement was to be performed, in part, in Connecticut.

**B.     Due Process**

The Court's due process analysis also involves two components: first, whether the defendant has the requisite minimum contacts with the forum state; second, whether it would be fair or reasonable to hold the defendant to account there. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 99 (2d Cir. 2000). "[I]n assessing whether it may exercise jurisdiction over a particular defendant, a court must weigh the relative strengths and weaknesses of each requirement–that is, depending upon the strength of the defendant's contacts with the forum state, the reasonableness component of the constitutional test may have a greater or lesser effect on the outcome of the due process inquiry." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996).

Through an affidavit and exhibits attached to its pleadings, Plaintiff argues that Defendant had extensive contacts with Connecticut. Plaintiff maintains that the Agreement was negotiated via "telephone communications, electronic mail, Federal Express mail and U.S. Mail" sent by Defendant to Plaintiff's principal place of business in New Haven, Connecticut. Pl.'s Mem. Ex. 1, at ¶ 5; *see id.* Ex. B (email communications). The Agreement's terms are open-ended, defining Defendant's "territory [as] consist[ing] of . . . the Home Depot's Service areas/stores to be agreed upon." *Id.* Ex. A. Plaintiff asserts that it had agreed with Defendant to "expand its operations under the Agreement," which had begun in Florida, to stores throughout New York and New England, including those in Connecticut. *Id.* Ex. 1, at ¶¶ 8-10. Plaintiff also maintains that Defendant

forwarded merchandising orders under the Agreement to Plaintiff's Connecticut office for approval and sent all invoices there for payment. *Id.* ¶¶ 12-13. Finally, Merchandising materials used by Defendant were purchased by Plaintiff in and shipped from Connecticut. *Id.* ¶¶ 14-15; *id.* Ex. F.

Defendant contests many of these factual assertions in an opposing affidavit. For instance, Defendant denies that it ever agreed to expand the geographical scope of the Agreement to include Connecticut. Reply Memorandum of Law in Support of Defendant's Motion to dismiss and in Response to Plaintiff's Opposition [doc. #41] Gammill Affidavit ¶¶ 9, 12. And Defendant denies that it ever ordered merchandising materials from Plaintiff. *Id.* ¶ 18. At this stage of litigation, the Court is unable to determine which side has presented the more accurate version of relevant events. However, resolving all doubts in Plaintiff's favor, as it must at this stage of the proceeding, the Court concludes that Defendant "had far more than merely 'minimal contacts' with Connecticut and that this Court's exercise of personal jurisdiction over [it] comports with traditional notions of fair play and substantial justice." *Chase*, 2004 WL 3087557, at *3 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Thus, it appears that Defendant has sufficient ties to Connecticut to justify this Court's exercise of personal jurisdiction over Defendant. Defendant is free to renew its argument when the factual record has been more fully developed.

### III

In sum, the Court DENIES Defendant's Motion to Dismiss [doc. #23] without prejudice to renewal at the close of discovery.

5

IT IS SO ORDERED,


/s/      Mark R. Kravitz
United States District Judge


**Dated at New Haven, Connecticut: March 7, 2006**.